UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VICTOR M. BELTRAN RODRIGUEZ,

    Petitioner,

v.

    CASE NO. 6:09-cv-1110-Orl-28DAB
    (6:07-cr-24-Orl-28DAB)

UNITED STATES OF AMERICA,

    Respondent.

## ORDER

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Victor M. Beltran Rodriguez ("Petitioner") (Doc. 1, filed June 26, 2009). The Government filed a response to the motion (Doc. 6), to which Petitioner filed a reply (Doc. 7).

Petitioner initially alleged four claims for relief in his § 2255 motion: (1) Petitioner's Fifth Amendment rights were violated when the pre-sentence report was used to sentence him; (2) Petitioner's Sixth Amendment right to effective counsel was violated by both trial and appellate counsel; (3) Petitioner was subjected to prosecutorial misconduct; and (4) overcrowded prison conditions violate the Eighth Amendment's prohibition against cruel and unusual punishment (Doc. 1 at 5).

In his reply, Petitioner abandoned claims one and four (Doc. 7 at 2). Therefore, this Court will address only claims two and three.

I.  *Procedural History*

On February 28, 2007, Petitioner and three co-defendants were charged by indictment with conspiracy to distribute five or more kilograms of cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1) (count I) and with possession with intent to distribute five or more kilograms of cocaine hydrochloride in violation of 21 U.S.C. § 812 (count II) (Criminal Case No. 6:07-cr-24-Orl-28DAB, Doc. No. 24, filed February 28, 2003).[1] On July 20, 2007, a hearing was held on a change of plea and Petitioner pleaded guilty to both charges against him (Doc. 6-1; Criminal Case, Doc. No. 84). The Magistrate Judge entered a Report and Recommendation, recommending that the plea be accepted (Criminal Case, Doc. No. 87). On October 18, 2007, this Court sentenced Petitioner to concurrent sentences of 156 months imprisonment to be followed by five years of supervised release on each of the charges against him (Criminal Case, Doc. Nos. 104, 105).

Petitioner appealed his sentence, claiming that trial counsel was ineffective for failing to object to the use of his pre-sentence investigation report at sentencing and that the court erred by sentencing Petitioner as a manager or supervisor and by sentencing Petitioner based on the amount of drugs seized in connection with his arrest (Doc. 6 at Ex. 4). On June 25, 2008, the Eleventh Circuit Court of Appeals affirmed Petitioner's sentence (Doc. 6 at Ex. 8).

The instant petition was timely filed on June 26, 2009 (Doc. 1).

---

[1] Hereinafter, Criminal Case No. 6:07-cr-24-Orl-28DAB will be referred to as "Criminal Case."

## II. Legal Standards

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part test to determine whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. *Id.* at 687-88. In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

The Supreme Court has held that the two-part *Strickland* test applies to challenges to guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). In order to obtain relief under *Strickland*, a defendant who pleaded guilty must show that: 1) his lawyer's performance was deficient; and 2) a reasonable probability that, but for the counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 59.

A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689-90. Thus, "a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989). As observed by the Eleventh Circuit

Court of Appeals:

> The test [for ineffective assistance of counsel] has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

II. *Analysis*

    A. *Claim Two*

Petitioner alleges that his Sixth Amendment right to effective assistance of counsel was violated by both trial and appellate counsel (Doc. 2 at 2). Specifically, Petitioner alleges that: 1) trial counsel failed to discuss discovery material and the charging documents with Petitioner prior to his plea hearing; 2) trial counsel instructed Petitioner how to answer the court during his plea colloquy; 3) trial counsel failed to object to the pre-sentence report or to the sentence; and 4) both trial and appellate counsel failed to supply Petitioner with documents necessary to prepare this § 2255 motion (Doc. 2 at 2-5).[2]

---

[2] As a general rule, claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice. *See Bousley v. United States*, 523 U.S.

1.  *Counsel's failure to discuss discovery and charging documents with Petitioner prior to plea hearing*

Petitioner alleges that trial counsel failed to show him discovery material or discuss the charging documents with him prior to his plea hearing and that trial counsel's " failure to deliver discovery documents to petitioner for his perusal prior to the plea hearing was clearly abandonment of [counsel's] fiduciary duties" (Doc. 2 at 3). Petitioner alleges that he was prejudiced by these omissions because, as the defendant, he was in a better position than anyone else to review the charges and discovery (Doc. 2 at 3).

The three primary requirements imposed by Federal Rule of Criminal Procedure 11 for a Court to accept a plea of guilty are: 1) the plea must be free of coercion; 2) the defendant must understand the nature of the charges; and 3) the defendant must know and understand the consequences of his plea. *United States v. Siegel*, 102 F.3d 477, 480 (11th Cir. 1996). Any allegations that Petitioner did not understand the nature of the charges against him or the consequences of a plea are contradicted by statements he made at his plea hearing. The magistrate judge conducted a through and comprehensive plea colloquy during which Petitioner affirmed that he had read the indictment setting forth the charges against him (Doc. 6-1 at 8). The Court explained the charges in the indictment and the elements the Government needed to prove in order for Petitioner to be found guilty at trial

---

614, 622 (1998). However, the Supreme Court has excepted ineffective assistance of counsel claims from the general procedural default rule. *Massaro v. United States*, 538 U.S. 500 (2003) (noting that a § 2255 motion is preferable to direct appeal for deciding claims of ineffective assistance of counsel and that "failure to raise an ineffective assistance of counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255").

(Doc. 6-1 at 8-9). Petitioner affirmed that he understood the charges (Doc. 6-1 at 9). After the charges were explained to Petitioner by the Court, the following exchange occurred:

| | |
|---|---|
| COURT: | Have you gone over the indictment with your attorney? |
| PETITIONER: | Yes, sir. |
| COURT: | Have you had enough time to discuss the charges with your attorney? |
| PETITIONER: | Yes, Sir. |
| COURT: | Are you satisfied with the services you've received from your attorney in this case? |
| PETITIONER: | Yes, I am. |

(Doc. 6-1 at 10-11). Petitioner was then advised of the maximum sentences for the crimes to which he was pleading guilty (Doc. 6-1 at 11-14). Petitioner affirmed that he understood the sentencing process and the possible penalties he faced (Doc. 6-1 at 11-15). The Court concluded that the plea was made knowingly, intelligently and voluntarily and not the result of force, promises, or threats (Doc. 6-1 at 30).

The Supreme Court has held that a petitioner's own representations to a court during his plea colloquy constitute "a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *see also Stano v. Dugger*, 921 F.2d 1125, 1141 (11th Cir. 1991) ("If a defendant understands the charges against him, understands the consequences of a guilty plea and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review."). Although a defendant's attestation of

voluntariness at the time of his plea is not an absolute bar to later contrary contentions, it places a heavy burden upon him. *Blackledge*, 431 at 74-75. He must show such a strong degree of misunderstanding, duress, or misrepresentation by the court, prosecutor, or his own counsel that his plea would become a constitutionally inadequate basis for imprisonment. *Id.* Petitioner cannot meet this heavy burden. Petitioner affirmed that he understood the charges against him and the possible penalties he faced as a result of the plea. Furthermore, because Petitioner understood the length of time he could receive as a result of his plea, he was fully aware of his plea's consequences. *United States v. Gaitan*, 954 F.2d 1005 (5th Cir. 1992).

Moreover, once a guilty plea has been entered by a criminal defendant, all non-jurisdictional defects in the proceedings prior to the plea are waived, including all claims of ineffective assistance of counsel that do not attack the voluntariness of the guilty plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). Petitioner's allegation that counsel was ineffective for failing to "deliver discovery documents to petitioner for his perusal prior to the plea hearing" (Doc. 2 at 3), is directed at counsel's actions prior to the plea; does not attack the voluntariness of the plea; and was therefore waived by Petitioner. *See Lefkowitz v. Newsome*, 420 U.S. 283, 288 (1975) (as a general rule, "a guilty plea, intelligently and voluntarily made, bars the later assertion of constitutional challenges to the pretrial proceedings") (citing *Brady v. United States*, 379 U.S. 742 (1970); *McMann v. Richardson*, 397 U.S. 759 (1970); and *Parker v. North Carolina*, 397 U.S. 790 (1970)).

Petitioner alleges that his plea was involuntary because, before entering the

courtroom for his plea hearing, trial counsel told him to admit to everything and "if asked by the court if there had been any threats, to say no." (Doc. 2 at 2). Petitioner also alleges that trial counsel "pulled on petitioner's sleeve when he wanted him to say 'Yes.'" (Doc. 2 at 2). Despite Petitioner's contention that counsel coached his answers, he makes no claim that he was instructed to answer the Court's questions falsely. Instead, as support for the involuntary nature of the plea, Petitioner implies that the trial court was reluctant to accept his plea:

> Magistrate Baker asked petitioner: "Why are you accepting all this? Did they threaten you? Tell me the truth." Magistrate Baker said petitioner should only be charged with a phone count.

(Doc. 2 at 2). Contrary to Petitioner's assertions, a careful review of the record indicates that this exchange did not occur during the plea colloquy and that Judge Baker expressly determined that "there is independent factual bases for each essential element of the crimes as charged."(Doc. 6-1 at 31). Furthermore, the Court determined that Petitioner's "plea of guilty has been made knowingly, intelligently and voluntarily and not of the result of force or of threats or of any promises." (Doc. 6-1 at 30).[3] Even had Judge Baker asked Petitioner whether he had been threatened and admonished him to "tell me the truth," this Court's analysis of Petitioner's claim would not change. Petitioner has not specified how such

---

[3]Petitioner's claim that the Court expressed concern regarding Petitioner's reasons for accepting a plea agreement and also expressed doubt about the applicability of the charges to which Petitioner was pleading and still accepted the plea is not only clearly refuted by the record, it is a wholly incredible claim that this Court is not required to consider. *See Agosto v. Immigration and Naturalization Service*, 436 U.S. 748, 772-73 (1978) (a court is never required to accept evidence that is inherently incredible or too incredible to be accepted by reasonable minds).

8

questions or admonishments affected the voluntary nature of his plea. Petitioner stated under oath that he had not been pressured or coerced to enter the plea and Petitioner's later assertions that his answers were coached by counsel do not support a rejection of Petitioner's sworn statements to the Court(Doc. 6-1 at 11, 29).

Petitioner's claims also fail to meet the *Hill* prejudice standard. Petitioner does not explain how counsel's alleged failure to deliver discovery material or the charging document to him prior to the plea hearing renders his guilty plea involuntary, or why, had counsel timely provided the material, Petitioner would not have pleaded guilty and would have insisted on going to trial. As such, Petitioner cannot satisfy the prejudice prong of *Hill*. 474 U.S. at 59.[4]

Petitioner has failed to show either deficient performance or prejudice resulting from counsel's actions. Accordingly, the Court finds that Petitioner is not entitled to relief as to any claims related to counsel's failure to provide him with documents prior to his plea colloquy.

### 2. *Failure to object to pre-sentence report*

Petitioner alleges that trial counsel was ineffective for failing to object to "anything in the Pre-sentence Report or anything about the sentence." (Doc. 2 at 3). Specifically, Petitioner alleges that "the Fifth Amendment issues addressed in Ground One should have

---

[4] To the extent Petitioner alleges that, had he been provided pre-plea hearing discovery, he may have discovered something that may have affected his decision to go to trial, this claim is conclusory and cannot maintain a claim for ineffective assistance of counsel. *See Tejada v. Duggar*, 941 F.2d 1551, 59 (11th Cir. 1991).

been raised by objection to the PSR." (Doc. 2 at 3).[5] In ground one, Petitioner alleged that, because the indictment did not charge a manager or supervisor role, Petitioner's sentence was unconstitutional. This claim was raised on direct appeal (Doc. 6-4) and rejected by the Eleventh Circuit Court of Appeals:

> Beltran's claim that his counsel should have objected to the facts in the PSI fails because Beltran himself twice told the court that he had read the PSI and had no objections to the facts in the PSI or to the application of the Guidelines to those facts. Moreover, Beltran does not even argue on appeal that these facts were inaccurate; rather, he simply says that his counsel was ineffective for failing to object to them. He thus has not shown that counsel's errors, if any, "actually had an adverse effect on the defense." *Strickland*, 466 U.S. at 693.

(Doc. 6-8 at 5).

A district court is not required to reconsider claims of error that were raised and disposed of on direct appeal. Accordingly, this claim is denied. *See United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) ("[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255.").

### 3. *Failure to supply Petitioner with documents necessary to prepare his § 2255 motion*

Petitioner alleges that counsel was ineffective for refusing to supply Petitioner with discovery documents necessary to prepare this § 2255 motion(Doc. 2 at 4-6). As evidence, Petitioner attaches thirteen letters to and from trial counsel, Terrence E. Kehoe and appellate counsel, Mark J. O'Brien, in which Petitioner sought access to evidence and other material

---

[5] In his reply, Petitioner abandoned the claims in ground one (Doc. 7 at 2).

pertaining to his underlying criminal case (Doc. 2-1 at 5). The attorneys disagreed as to who had custody of the records sought by Petitioner, and it is unclear as to whether Petitioner ever received the documents sought.

Any claim of ineffective assistance of counsel regarding counsel's failure to assist with Petitioner's § 2255 claim is not properly before this court. The right to counsel extends "to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). A motion under § 2255 to vacate, set aside, or correct a sentence is not part of the original criminal proceeding; it is an independent civil suit. *Heylin v. United States*, 358 U.S. 415, 418 n.7 (1959). As such, Petitioner had no constitutional right to counsel in his § 2255 proceeding. *See Saunders v. United States*, 2010 Wl 2180543 at *5 (11th Cir. 2010). Where no constitutional right to counsel exists, there can be no claim for ineffective assistance. *See Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982) (no ineffective assistance of counsel claim for retained counsel's failure to file timely application for discretionary state appeal when no right to counsel existed at such proceeding). Accordingly, this Court finds that Petitioner is not entitled to relief on any claim related to counsel's actions or inactions in regard to Petitioner's § 2255 motion.

### B. Claim Three

Petitioner alleges that he was subjected to "outrageous" prosecutorial misconduct by Assistant U.S. Attorney E. Jackson Boggs, Jr. (Doc. 2 at 6). Specifically, Petitioner alleges that he was offered a sentence of five to seven years to testify against whomever Boggs asked him to and that Boggs stated that "he didn't care if the testimony was true or not."

(Doc. 2 at 6). Petitioner alleges that, when he refused to testify due to lack of knowledge of other criminal activities and fear for his family's safety if he testified falsely, "Boggs flew into a rage and threatened petitioner by saying that if he refused to testify he would spend the rest of his life in prison." (Doc. 2 at 6-7). Petitioner alleges that trial counsel was ineffective for failing to file a complaint against Boggs for his unprofessional behavior and for failing to protect Petitioner from prosecutorial abuse (Doc. 2 at 6, 7).

To the extent Petitioner is alleging a new claim for prosecutorial misconduct, this claim should have been raised on direct appeal. As such, it is procedurally barred unless Petitioner can show cause and prejudice for his failure to raise this claim on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 622 (1998). Petitioner has not alleged cause and prejudice and the procedural bar to this Court's review of this claim does not result in a fundamental miscarriage of justice because Petitioner does not allege that he is innocent. *See McCleskey v. Zant*, 499 U.S. 467, 493094 (1991). As such, Petitioner's claim for prosecutorial misconduct is procedurally barred.

To the extent this claim is raised as an ineffective assistance of counsel claim, this Court also finds the claim to be meritless. A guilty plea is voluntary when it is not induced by threats or misrepresentations and the defendant is made aware of the consequences of the plea. *Brady v. United States*, 397 U.S. 742, 755 (1970). Although Petitioner alleges that he was threatened with life in prison if he refused to testify against other defendants, Petitioner never alleges that, had these threats not been made, he would have chosen to go to trial. In fact, during Petitioner's plea colloquy, he affirmed that he had not been induced to plead

guilty:

> [COURT]: All right. Mr. Beltran Rodriguez, I find that you are competent to enter a plea of guilty to these charges, if that's what you wish to do. Do you understand you're not required to plead guilty, you have a right to maintain your plea of not guilty and to go to trial on these charges?
>
> [PETITIONER]: Yes, sir.
>
> [COURT]: Has anybody promised you anything or given you any inducements to get you to plead guilty?
>
> [PETITIONER]: No, sir.
>
> [COURT]: Has anybody done anything that you consider to be wrong or unfair to get you to plead guilty?
>
> [PETITIONER]: No, sir.
>
> [COURT]: Have there been any threats or coercion or improper pressure of any kind place on you to get you to plead guilty?
>
> [PETITIONER]: No, sir.
>
> [COURT]: Do you want to plead guilty to these charges because you are guilty or is there some other reason that you want to plead guilty?
>
> [PETITIONER]: I want to plea guilty sir.
>
> [COURT]: Because you are guilty?
>
> [PETITIONER]: Yes, sir

(Doc. 6-1 at 11). Before accepting Petitioner's plea, the Court asked him whether there was anything not already covered that had a bearing on his decision to plead guilty and Petitioner answered negatively (Doc. 6-1 at 29-30). When asked whether he was entering

13

the plea freely and voluntarily, Petitioner indicated that he was (Doc. 6-1 at 30).

The Supreme Court has recognized that pretrial plea negotiations between the government and a criminal will not be found unconstitutional unless it is shown that the prosecutor's threats were not permissible or could not be justified as a proper exercise of prosecutorial discretion. *United States v. Goodwin*, 457 U.S. 368, 380 n.12 (1980) (no presumption of vindictiveness if action threatened was permissible). Because the crimes with which Petitioner was charged carried a maximum sentence of life in prison, Boggs' alleged threat that Petitioner could receive life in prison if found guilty at trial was not improper. *See Brady v. United States*, 397 U.S. 742, 755 (1970) (in assessing whether a plea was knowing and voluntary, courts must consider whether the plea was induced by improper threats, promises, or other things that have no proper relationship to the prosecutor's business). Furthermore, the allegation that Boggs threatened him with life in prison if he did not testify against other defendants is irrelevant.[6] Petitioner neither testified against other defendants, nor received a life sentence. The Supreme Court has held that "[w]hile confronting a defendant with the risk of more severe punishment clearly may have a discouraging effect on the defendant's assertion of his trial rights, the imposition of these difficult choices [is] an inevitable- and permissible- attribute of any legitimate system which

---

[6]Petitioner's allegations are unclear. In his reply, Petitioner appears to assert that he may have been offered a sentence of between five and seven years in prison if he would "testify against whoever the government wanted him to" but that the offer was withdrawn when Petitioner informed the prosecutor that he would not give false testimony against other defendants (Doc. 7 at 5). Petitioner does not explain how the prosecutor's withdrawal of a more favorable, but inapplicable, plea offer resulted in his plea being involuntary.

tolerates and encourages the negotiation of pleas." *Bordenkircher v. Hayes*, 434 U.S. 357, 360 (1978) (internal quotation marks omitted). Finally, requiring a defendant's cooperation, in the context of plea negotiations does not raise a prosecutor's conduct to the level of prosecutorial vindictiveness. *United States v. Williams*, 47 F.3d 658, 662 (4th Cir. 1995). Obviously, Petitioner was free to reject the Government's plea offer of a shorter sentence in exchange for testimony against others, because he did so. Accordingly, Petitioner has not presented a meritorious claim of prosecutorial misconduct. *Bordenkirchiro*, 434 U.S. at 363 (in the give-and-take of plea bargaining, there is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecution's offer).

Thus, counsel is not ineffective for failing to raise a meritless issue. *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Petitioner's motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Victor M. Beltran Rodriguez (Doc. No. 1) is **DENIED**.

2. This case is **DISMISSED** with prejudice.

3. The Clerk of the Court shall enter judgment accordingly in the instant civil case and is directed to close this case. A copy of this Order and the judgment shall also be filed in criminal case in case number 6:07-cr-24-Orl-28DAB.

4. The Clerk of Court is directed to terminate the § 2255 motion (Criminal Case

Doc. No. 131) filed in criminal case number 6:07-cr-24-Orl-28DAB.

5. This Court should grant an application for certificate of appealability only if the Petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right.[7] Accordingly, a Certificate of Appeal ability is **DENIED** in this case.

**DONE AND ORDERED** at Orlando, Florida, this _17_ day of November, 2010.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
pssa 11/10

---

[7]Pursuant to the *Rules Governing Section 2255 Proceedings for the United States District Court,*

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

Rules Governing § 2255 Proceedings, Rule 11, 28 U.S.C. foll. § 2255.

Victor M. Beltran Rodriguez
Counsel of Record